**ROSS et, d. b. a. VET'S INN, Appellants-Appellees, v. BOARD OF LIQUOR CONTROL, Appellee-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5113. Decided November 4, 1954.

Walter S. Houston, Cincinnati, for appellee.

Hon. C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellant.

(MONTGOMERY, PJ, of the Fifth District, NICHOLS and GRIFFITH, JJ, of the Seventh District, sitting by designation.)

**OPINION**

By THE COURT.

The Board of Liquor Control held that the appellees who were permit holders of a class D-5 permit in Cincinnati did sell whiskey by the bottle for consumption off the premises and did sell on the permit premises intoxicating liquor in an original container which had been refilled. Their permit was suspended for a period of sixty days. Thereafter that judgment of suspension was reversed by the Court of Common Pleas and from that judgment of reversal the appeal was perfected to this Court. In the meantime, the Common Pleas Court had enjoined the enforcement of the suspension order and the injunction remains as of this date. The Court of Common Pleas in his reversal order stated the facts correctly and as we find them from the transcript of the record. We cannot agree with the conclusion which he reached upon these facts. He stated that in his judgment without the personal testimony of the man Britton, no case was made out against the appellees, and that the record before him on appeal did not support the Board's order by "reliable, probative and substantial evidence."

It is with that conclusion that we cannot agree. Appellees' counsel in their brief properly concede "that there is no requirement in law that there must be direct evidence and that circumstantial evidence may be substituted to support an order." In that same brief there are recited authorities to the effect that a theory may be established by circumstantial evidence where the only reasonable conclusion that can arise is the theory sought to be established.

That certainly is the law and certainly is reasonable.

In the instant case these officers who were witnesses for the State, testified as to giving this Britton two marked one dollar bills with the request that he provide them with some liquor. He went into the place of business of the appellees. In about five minutes he returned with a bottle which was plainly marked as a wine bottle, but the contents of which on a test clearly were whiskey. They returned into this place of business with this man Britton. He pointed out the appellee Ross as the man who had sold him the liquor. Without Britton's testimony the evidence of the officers on this point was competent. The statements were made in the presence of Ross, one of the permit holders. He did not deny that they were made. He simply denied the sale. Thereafter, when the cash register was opened, one of these marked bills bearing the registered number identified by the officer was found.

Certainly that evidence was "probative and substantial."

It follows that the judgment of the Court of Common Pleas must be and will be reversed, and the order of the Board of Liquor Control affirmed.

MONTGOMERY, PJ, NICHOLS and GRIFFITH, JJ, concur.