**ABDONEY, d. b. a. SARATOGA CLUB, Appellants, v. BOARD OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5312. Decided October 20, 1955.

DiSalle, Green & Haddad, Toledo, Ned W. Thomas, of Counsel, for appellants.

C. William O'Neill, Atty Genl., Kiehner Johnson, Asst. Atty Genl., Columbus, for appellee.

514

(MILLER, PJ, FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HORNBECK, J.

This is an appeal from a judgment of the Common Pleas Court affirming an order of the Board of Liquor Control affirming an order of the Department of Liquor Control suspending on appeal the permit of appellant for violation of a provision of the Liquor Control Act. The charge is based upon a violation of §6064-22 GC, now §4301.22 R. C., which provided:

"(B) No sale shall be made to an intoxicated person."

The charge was that,

"On September 11, 1954, the permittee or his agent or employee did sell on the permit premises intoxicating liquor, to wit, whiskey and mixed drinks, containing whiskey to Edwin Frost, who was then and there in an intoxicated condition."

There are two transactions involved in the consideration of the charge. Frost, the person to whom it is charged the liquor was sold, was in the place of business of permittee and seated at the bar when the investigators of the Board entered the permit premises. The facts as developed by the testimony on behalf of the Department are not disputed as the permittee did not take the stand. From these facts we hold that the Board had the right to draw the following conclusions: That Frost at all times while under observation of the investigators and before taking the first drink was intoxicated; that while in that state he was served with one drink of intoxicating liquor, which he himself had ordered; that he was served with a second drink of intoxicating liquor which was ordered by another for the bar, that is to say, for all persons who were at the bar at that time. When this liquor was ordered and when placed before him, Frost was asleep. He did not order the second drink, nor did he consume it.

Coming to the question whether the providing of the first drink to Frost was a violation of the statute. Inspector Peden at page 13 of the record says:

"He (Frost) was talking to a man on his right, loudly, waving his arm. He had a drink when he walked in there, a mixed drink, **and he ordered one drink.** I don't know if he paid for it or not, but when we ordered our drink, this man served him a drink and the man next to him." (Emphasis ours.)

The liquor served in both drinks was shown to be intoxicating.

It appears upon the above quoted testimony of Inspector Peden that the first drink which he saw Frost consume was ordered by him and therefore sold to him. However, whether he did or did not specifically

order the drink, it is manifest from all the testimony that it was served to him while seated at the bar. Does this constitute sufficient proof of a sale to him? We believe these facts and the presumption attending make prima facie proof of a sale to an intoxicated person which it was incumbent upon the permittee to meet, if he desired to rebut it.

Presumptions conform to the commonly accepted experiences of mankind and the inferences which reasonable men would draw from such experiences. It is common knowledge that the conduct of places where liquor is sold to the public under a permit from the Department of Liquor Control are operated for profit. Liquor is not given away in these establishments. To do so is contrary to common experience and is also unlawful by statute. But, if it is to be claimed that the liquor was given away or sold to some person other than Frost, it would be incumbent upon the permittee, upon the state of the proof, to establish it. When, then, it appears that Frost, seated alone at the bar, had a drink of intoxicating liquor immediately in front of him, which he consumed, a prima facie case is made that the liquor was sold to him. **Shranko v. Board of Liquor Control,** No. 4907, Franklin, 1953, 72 Abs 103.

In construing the term "sale" we adopt the usual statutory and commonly accepted legal definition and not that set forth in §6064.53 **R. C.** of the Liquor Control Act which by its terms does not control in this case.

We find insufficient proof of the charge as to a sale to Frost of the second drink of liquor. It is a material element under the statute, §6064-22 GC, and the charge against appellant, that the sale be made **to Frost,** the intoxicated person. The sale was made to the individual who bought the drinks for the bar.

Former §13198 GC, provided that it was an offense to buy intoxicating liquor for, or sell, or furnish it to an intoxicated person. Would there be any doubt that under the facts in this case the buyer of the second drink could have been prosecuted under the foregoing statute for buying intoxicating liquor for Frost? The foregoing statute and a statute in force when the charge was preferred against appellant, §12960 GC, prohibits the furnishing of intoxicating liquor to a minor but apparently does not include an intoxicated person. However, it could be made the subject of a rule by the Board of Liquor Control.

Although the proof requisite to establish a violation of statute under the Liquor Control Act is less than in a criminal prosecution, the elements constituting the offense are the same, and they must be established. This is true in all cases, but especially so by reason of the nature of the charge here under consideration. We express no final opinion upon the application of §4303.37 **R. C.,** but call attention to the fact that it provides:

"No person shall violate §4303.01 to §4303.37 inclusive, **R. C.** for which no penalty is provided. Whoever is convicted of the violation of such section shall forfeit any permit granted to him by the Department of Liquor Control."

The section here involved is §4301.22 **GC.**

The order of the Board was supported by reliable, probative and sub-

stantial evidence and the Common Pleas Court was correct in so holding. We recognize that the Common Pleas Judge upon review in that Court was of the opinion that there was no proof of violation of the statute as to the first drink served to Frost, but that the proof was sufficient as to the second. We reach the same ultimate conclusion but upon a different theory than the Common Pleas Court Judge.

The judgment will be affirmed.

MILLER, PJ, FESS, J, concur.