B. P. O. OF ELKS, CINCINNATI LODGE No. 5, APPELLANT, *v.* BOARD OF LIQUOR CONTROL, APPELLEE.

(No. 5665—Decided October 1, 1957.)

Mr. John A. Wiethe and Mr. Peter W. Swenty, for appellant.

Mr. William Saxbe, attorney general, Mr. S. Noel Melvin and Mr. Chester Hummell, for appellee.

MILLER, J. This is an appeal on questions of law from a judgment of the Common Pleas Court affirming an order of the Board of Liquor Control suspending for a period of seven days the appellant's D-4 permit, based upon the following charge, to wit:

"On Sunday, October 23, 1955, at about 8:50 o'clock p. m. est, you and/or your agent or employee, did sell and allow to be consumed in and upon the permit premises, intoxicating liquor, to wit, malt beverages in excess of 3.2% of alcohol by weight, whiskey, and mixed drinks containing spirituous liquor, —in violation of the provisions of the Liquor Control Act and the regulations of the Board of Liquor Control."

The evidence presented before the board consists of the testimony of two investigators for the Department of Liquor Control, who gained entrance to the permittee's premises around 8:50 p. m. on Sunday, October 23, 1955. They were denied whiskey at the bar because they did not have membership cards in the Elks Lodge. They then observed seven or eight people on the premises with drinks in front of them. The investigators approached the largest table and confiscated a bottle of Budweiser beer, a shot of whiskey and a mixed drink from the parties seated there. The confiscated beverages were analyzed, and the analysis showed that they were intoxicating. The chemist's report was admitted in evidence without objection.

The action is prosecuted under Section 4301.22 (D), Revised Code, which prohibits the sale of intoxicating liquor after 2:30 a. m. on Sunday, and also under Regulation No. 49 which provides that:

"No intoxicating liquor may be sold by or be permitted to be consumed on the premises of any permit holder during the hours between 1:00 o'clock a. m. on Sunday and Sunday midnight * * *."

There are several exceptions noted to the above rule, but

none has application to our case. The only question presented is whether sufficient facts were established before the board to make a prima facie case against the appellant that it sold or permitted intoxicating beverages to be consumed on the premises on Sunday. There is no denial of the evidence offered that the event occurred on the permit premises on Sunday at approximately 9:00 p. m., and that the chemical analysis showed the beverages to be intoxicating. The only question for the board's determination was whether the appellant sold the liquor or permitted it to be consumed on the premises, either of which would constitute a violation. It should be noted that the procedure before the board is governed by the rules of procedure in civil rather than criminal actions, Section 119.09, Revised Code; hence the proof required is not as great as in criminal cases. Since permits are issued as a matter of privilege rather than right, and the Liquor Control Act is designed to strictly regulate a business requiring strict control, the courts have been liberal in indulging presumptions and inferences in regard to the enforcement of the act. Counsel for the appellant urge that in order to sustain the charge it is necessary to base an inference upon an inference, which may not be done. They cite *Sobolovitz* v. *Lubric Oil Co.*, 107 Ohio St., 204, 140 N. E., 634. We agree with the law in the cited case, but do not think it applicable to the facts here presented. The record reveals that liquor was found on the table which was surrounded by four persons; that the day was Sunday; and that the place was open for business to members. The persons in charge of the premises knew or should have known all the attending circumstances, which knowledge is imputed to the permittee. Therefore, the only inference required to sustain the charge is whether the liquor was intended for consumption. If so, all the elements are present to establish a violation of Rule 49. An inference is made from established facts and it is the duty of the trier of the facts to draw the inferences therefrom, and a reviewing court will not disturb the conclusion reached unless such inferences are clearly unjustified. See *Scovanner* v. *Toelke,* 119 Ohio St., 256, 163 N. E., 493.

With reference to the charge of a Sunday sale, it will be noted that Section 4301.22 (E), Revised Code, provides that:

"No holder of a permit shall give away any beer or intoxicating liquor of any kind at any time in connection with his business."

In the case of *Abdoney* v. *Board of Liquor Control*, 72 Ohio Law Abs., 513, 135 N. E. (2d), 775, this court held that presumptions conform to the commonly accepted experiences of mankind and the inferences which reasonable men would draw from such experiences, and that it is common knowledge that places where liquor is sold to the public under a permit from the Department of Liquor Control are operated for profit, and the liquor is not given away on such premises.

Also, in *Ross* v. *Board of Liquor Control*, 72 Ohio Law Abs., 415, 135 N. E. (2d), 629, this court, through the judges of the Seventh Appellate District sitting by designation, held that there is no requirement in law that there must be direct evidence to support an order of the Board of Liquor Control suspending the operation of a liquor permit, and that circumstantial evidence may be substituted to support such order.

It is, therefore, our conclusion that the inference that intoxicating liquor was sold on Sunday was a reasonable one and is supported by the evidence. The order of the board was supported by the proper degree of proof, and the Common Pleas Court did not err in sustaining the order.

The judgment is affirmed.

*Judgment affirmed.*

PETREE, P. J., and HORNBECK, J., concur.

HORNBECK, J., of the Second Appellate District, sitting by designation in the Tenth Appellate District.