FLEMING ET AL., APPELLANTS, *v.* BOARD OF LIQUOR CONTROL, APPELLEE.

(No. 7233—Decided July 2, 1963.)

*Mr. Richard J. Thomas*, for appellants.

*Mr. William B. Saxbe*, attorney general, *Mr. Frank J. Sheeter* and *Mr. Duane Lantz*, for appellee.

BRYANT, J. This is an appeal on questions of law. The appellants are Dean Fleming, Harry Lane and Dale McMullen. The appellee is the Board of Liquor Control. The appellants named filed an application for a new Class D-5 night club permit to be located in Dunham Township, Washington County, Ohio. The application was denied by the Director of the Department of Liquor Control, and the reason given in the rejection order was Regulation No. 12, Section 2 of the Regulations of the Board of Liquor Control, reading as follows:

"In determining whether to grant or refuse a permit the department shall consider environmental factors affecting the maintenance of public decency, sobriety, and good order, including the number and location of permit premises in the immediate area. If the department shall find that no substantial prejudice to public decency, sobriety, and good order will result, it may issue the permit. For the purpose of this regulation, however, the department shall presume, in the absence of affirmative evidence to the contrary, that the renewal of permits and transfer of permits to successors in interest at the same locations will not prejudice the maintenance of public decency, sobriety, and good order."

In the rejection order it was stated that:

"The department finds that the members of the community and residents living in and about the proposed location of subject permit premises have voiced the opinion that the issuance of subject Class D-5 permit would substantially prejudice the public decency, sobriety, and good order of the community.

"In view of the above facts, the department finds that the issuance of subject permit would result in a substantial prejudice to public decency, sobriety, and good order; hence, the department is without authority to take such action.

"Accordingly, application H-61274 is hereby refused and rejected."

Upon appeal to the Board of Liquor Control, a hearing was conducted, after which the rejection order was affirmed, and on

appeal to the Common Pleas Court of Franklin County, the order of the board was affirmed.

The permit applicants have appealed to this court on questions of law. We have reviewed the testimony before the board and have concluded that the court below was in error in finding that the board's order was sustained by reliable, probative and substantial evidence.

In our opinion, Regulation No. 12, Section 2, *supra*, is applicable to areas which already have environmental problems due to congested conditions, or too many permits, or both. It would seem to have no application to an area such as Dunham Township, in which it appears there are no night clubs or other liquor permits at all.

Under the provisions of Section II of Regulation No. 65, the rejection order of the director "shall set forth the reasons for his action, refer to the law or rule directly involved * * *." This court has held that compliance with this requirement is mandatory. See *Metro Tavern, Inc.*, v. *Board of Liquor Control*, 111 Ohio App., 269.

The facts in this case indicate that Section 2 of Regulation No. 12 of the board simply does not apply to a sparsely settled area such as the one in question. The testimony of the witnesses called on behalf of the director at the hearing before the Board of Liquor Control failed to establish or even suggest that the area was congested or that permit establishments were located in the immediate area in excessive numbers. Rather, it was clear there were no other such permits nearby.

As the burden of proof was on the director (Sections III and IV of Regulation No. 65 of the board) and the proof offered in support of the rejection order was totally insufficient and the regulation relied upon was inapplicable, the board should not have affirmed the rejection order and the court below should not have affirmed the order of the board.

For the reasons above set forth, the judgment and final order of the court below must be reversed and the cause remanded for further proceedings in accordance with law and this decision.

*Judgment reversed.*

DUFFY, P. J., and DUFFEY, J., concur.

428

Duffey, J., concurring. An examination of the transcript, and particularly the testimony of state officials, indicates that the principal concern in this case arises from a state wildlife preserve and park which is immediately adjacent to the proposed permit premises. The objections appear to center on the alleged inappropriateness of such a land use in that area and the detrimental effect it may have on the primary purpose and use of the park area.

Our constantly increasing population has underlined the importance of obtaining and protecting park lands. State land uses, especially those such as parks and recreation areas, deserve protection from detrimental property development just as much as does privately owned property. Zoning laws, and to some extent the local option laws, are available as a means of affording protection. In the case of rurally located parks, these may prove inadequate. This is particularly apparent here where the area is so sparsely populated. Further, purely local laws will not necessarily reach the wider interest of the citizens of the state at large. However, the authority to deny a permit cannot be based on the existence of a problem. It must rest on standards as created by statute or regulation. The problem here is one of land use planning and control. Regulation No. 12 relates to public decency, sobriety, and good order. I express no opinion on the statutory authority for a regulation incorporating land use standards. However, I agree that this particular regulation does not apply to the problem and that there is no evidence to support a finding relating to decency, sobriety or good order.