AMERICAN VETERANS OF WORLD WAR II AMVETS POST No. 25, INC., PLAINTIFF-APPELLANT, *v.* BOARD OF LIQUOR CONTROL ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26479. Decided October 24, 1963.

Mr. *Marvin L. Shaw,* for plaintiff-appellant.
Mr. *William B. Saxbe,* attorney general, Mr. *Duane F. Lantz,* assistant attorney general, for defendants-appellees.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Court of Common Pleas affirming the decision of the Board of Liquor Control denying plaintiff-appellant's application for a renewal of its D-4 liquor permit. The Board of Liquor Control had previously affirmed the action of the Director of the Department of Liquor Control denying appellant's application for the renewal of its. D-4 permit.

The pertinent parts of the order of the Department of Liquor Control involved herein, issued on September 14, 1961, denying appellant's application, read as follows:

"The Department finds that Amvets Post No. 25, Inc., is not a club within the contemplation and meaning of Section 4301.04 (14), Revised Code, nor a bona fide club within the contemplation and meaning of Section 4303.17, Revised Code.

"The Department finds that the subject applicant is not carrying on the subject business solely in the interest of dues paying membership as required by Section 4303.17, Revised Code.

"Therefore, the Department finds that a showing of good cause for the rejection of subject applications, as contemplated by Section 4303.271, Revised Code, has been made.

"Accordingly, applications H 41935 and H 69788 are hereby refused and rejected."

The above order was appealed by the appellant to the Board of Liquor Control which afforded appellant a hearing de novo on its application for a renewal of its D-4 license. At such hearing the appellant was required to present its evidence first and the board placed the burden of proof on the appellant to show that it was carrying on its club business "solely in the interest of dues paying membership as required by Section 4303.17, Revised Code."

Regulations pertinent here of the Board of Liquor Control read as follows:

Regulation No. 65, Section III:

"In all hearings before the Board, the procedure shall be as follows:

"(a) The Director of the Department, first, must produce his evidence and the permit holder or appellant, as the case may be, must then produce his evidence, except in an appeal from the action of the Director refusing to issue a D-4 permit for the reason that the appellant is not a bona fide club, the appellant, first, must produce his evidence and the Director must then produce his.

"(b) The Director may offer evidence in rebuttal.

"(c) The Board may in its discretion hear arguments."

Regulation 65, Section V:

"In all hearings before the Board the burden of proof in all cases shall rest upon the Director of the Department; except that in every case where an appeal is taken from the action of the Director of the Department refusing to issue a D-4 permit for the reason that the appellant is not a bona fide club, the burden of proving that it is in fact a bona fide club shall rest upon the appellant."

Regulation 2:

"The word 'Renewal' means reissuance of a permit of the same class to the same permit holder for the same location upon the expiration of an existing permit."

It seems manifest to us, upon a study of the above regulations, that a club applying for a D-4 permit for the first time at a hearing before the board has the burden of showing that it qualifies under the law for such permit. This seems logical for the reason that all the information required to demonstrate its qualifications to receive such permit is in the possession of the applicant; but on the contrary in any case of an application for a renewal of a D-4 permit by an applicant, and especially a club which has had a D-4 permit that has been renewed annually over a period of years as is true in this case, and where the department of liquor control is in possession of information by reason of which the director determines that such applicant for such renewal of its permit is not entitled to a renewal and

128

the decision of the director is appealed to the Board of Liquor Control for a trial de novo of such matter, the director first must produce his evidence and the burden of proof falls upon the director to prove that such club has forfeited its right to renewal of its permit. It is our view, therefore, that the Board of Liquor Control was in error in requiring the appellant in its endeavor to obtain a renewal of its D-4 license to first produce its evidence and to have the burden of proving its right to such renewal.

Moreover, under the order of the director in this case, the appellant is charged with failing to carry on the ''subject business solely in the interest of dues paying membership as required by Section 4303.17, Revised Code,'' which would not constitute it a bona fide club. The charge in this order is so general as to fail to inform the applicant specifically with the charge it is to meet in the hearing before the board, and we determine and hold that such general language does not meet the constitutional provision of due process of law. We hold, consequently, that the order of the Director of the Department of Liquor Control, in not making its complaint more specific, violated a substantial right of the appellant and constituted error prejudicial to it.

It further appears in the record that the investigator of the board was permitted to testify that in his opinion ''this club was operated solely for the benefit of a few people,'' which was the ultimate question to be determined by the board, and in our opinion outside the province of a mere witness in the trial of this cause to so testify.

For the reasons stated above, we conclude that the Court of Common Pleas committed prejudicial error in holding that the decision of the Board was according to law. The judgment of the court is, therefore, reversed and the cause remanded to the Court of Common Pleas with instructions to reverse the order of the Board and to return the cause to the Board with instructions to afford this appellant a fair hearing according to law and not inconsistent with this opinion.

SKEEL, C. J., KOVACHY and ARTL, JJ., concur.