CITY CLUB OF TOLEDO, INC., APPELLANT, *v.* BOARD OF LIQUOR CONTROL, APPELLEE.

[Cite as City Club of Toledo, Inc., v. Bd. of Liquor Control, 3 Ohio App. 2d 339.]

(No. 5840—Decided June 15, 1964.)

*Mr. G. Mark Brown* and *Mr. John W. Winn, Jr.,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. James E. Rattan,* for appellee.

Fess, J.  This is on appeal from a judgment of the Common Pleas Court on an appeal from an order of the Board of Liquor Control finding that the decision and order of that board is supported by reliable, probative, and substantial evidence and in accordance with law and that the appeal should be dismissed.

The appeal was heard upon the transcript of the proceedings before the board, without taking additional testimony. Appellant's application for renewal of its permit was revoked by the director for the following reasons:

"Section 4303.271 of the Revised Code of Ohio provides in part:

" 'The holder of a permit issued under Sections 4303.02 to 4303.23, inclusive, of the Revised Code, who files an application for the renewal of the same class of permit for the same premises, shall be entitled to the renewal thereof and the department shall renew the permit unless the department rejects for good cause any such application * * *'

"The department finds that the City Club of Toledo, Ohio, is not a club within the contemplation and meaning of Section 4301.01 (14) of the Revised Code of Ohio nor a bona fide club within the contemplation and meaning of Section 4303.17 of the Revised Code of Ohio.

"The department finds that the subject applicant is not carrying on the subject business solely in the interest of dues-paying membership as required by Section 4303.17 of the Revised Code, but that the subject premises are operated in the interest of one person or a small group of persons.

"Accordingly, Application No. H 52926 is hereby refused and rejected."

In the proceedings before the board it was stipulated that if the Chief of the Permit Division were called he would testify as follows:

"That the City Club of Toledo filed an application for a D-4 permit in 1957, and that it was thoroughly investigated under the procedures; at that time was found to be a bona-fide club, and was issued a permit in November, 1957; and that it was renewed in the years 1958, and 1959; after investigation by the Department determined it was a bona-fide club; and that the City Club of Toledo, according to its own records, has been in existence from at least 1957."

It was further stipulated that:

"* * * what has been marked for purposes of identification as 'Appellant's Exhibit One,' which is a certified copy of the original Articles of Incorporation; and certificate of Amendment to Articles of Incorporation, showing it has continued existence since March 31, 1949; and what has been marked as 'Appellant's Exhibit 1-A,' is a certified copy of a statement of continuing existence, required for non-profit organization, which was filed January 28, 1960."

At the hearing, over repeated objection of counsel for appellant, the board admitted a photostatic copy of a contract between the former manager of the club and the Rinkers purporting to be a bill of sale of the business, license, inventory and equipment of the club for the sum of $15,600. There was no foundation laid for the introduction of such secondary evidence, and the admission and use of such copy constituted error prejudicial to the appellant. *Falardeau* v. *W. H. H. Smith Co.*, 13 C. C. (N. S.) 268, 21 C. D. 649. Secondary evidence is never admitted unless it is made manifest that that which is better cannot be obtained. The Board of Liquor Control has ample power to compel the production of documentary evidence. See Section 4301.04, Revised Code, and Section 119.09, Revised Code. Although the hearing before the board upon appeal is less formal than that of a trial in the Common Pleas Court, it has been held that the procedure upon appeal before the board is governed by the rules of civil procedure. *B. P. O. of Elks* v. *Board of Liquor Control,* 105 Ohio App. 181. Even though such a fundamental rule of evidence might be ignored

by the board, it may not be disregarded by the Common Pleas Court on appeal from the order of the board. This assignment of error is, therefore, sustained.

When the appeal came on for hearing, the board, over objection of appellant, placed upon the appellant the burden to prove that it did, in fact, operate solely for the purposes of the corporation as prescribed by Sections 4301.01 (B) (14) and 4303.17, Revised Code.

According to the regulations of the board (Regulation 65), the order of procedure upon all hearings before the board requires that the director must first produce his evidence and the permit holder must then produce his evidence, except that in an appeal from an action of the director refusing to issue a D-4 permit for the reason that the appellant permit holder is not a bona fide club, then appellant must first present his evidence and the director must present his.

As we construe this regulation, a club applying for a D-4 permit at the first instance has the burden of showing that it qualifies for such permit, but upon an application for the renewal thereof, the general rule is to be applied, *i.e.*, the director must first produce his evidence and the burden of proof falls upon the director to prove that such club has forfeited its right to renewal of its permit. This conclusion is consistent with the first paragraph of Section 4303.271, Revised Code (125 Ohio Laws 147, 148), providing:

"The holder of a permit issued under Sections 4303.02 to 4303.23, inclusive, of the Revised Code, who files an application for the renewal of the same class of permit for the same premises, *shall be entitled to the renewal thereof and the department shall renew the permit* unless the department rejects for good cause any such application, subject to the right of the applicant to appeal such rejection to the Board of Liquor Control." (Emphasis added.)

Under this provision, prima facie, the permit holder is entitled to renewal of his permit and the burden to show good cause for rejection is upon the director. *Metro Tavern, Inc.*, v. *Board of Liquor Control*, 111 Ohio App. 269. We, therefore, conclude that the board erred to the prejudice of the permit holder in requiring it to first produce its evidence and imposing

upon it the burden of proving its right to such renewal. *Amvets* v. *Bd. of Liquor Control*, 1 Ohio App. 2d 113.

Review of the record of proceedings before the board discloses that as a result of the acquiesence of the members of the club, its affairs, including the management of the bar and restaurant, are conducted by the Rinker brothers, as the managers, who are compensated from the net profits derived therefrom. In our opinion, any profit derived by such management does not necessarily detract or nullify the purposes for which such club was incorporated so long as it continues to be an aggregation of individuals who engage in social activities. Section 501 (c) (7), Title 26, U. S. Code (Internal Revenue), dealing with clubs exempt from taxation contains a provision that "that no part of the net earnings of which inures to the benefit of any private shareholder." No similar provision is to found in the Ohio Liquor Code. There is no credible evidence tending to show that the purpose for which the club was organized has been discontinued.

As we construe the Ohio statutory provisions, they do not contemplate the operation of such clubs by volunteers without compensation. Merely because a member who has been authorized to manage the club affairs derives a profit from the operation of the bar does not destroy the bona fide character of such club or tend to show that its social activities have been discontinued. The evidence affirmatively shows that it continues to conduct social affairs as well as afford a place where the members meet for mutual companionship and conviviality. In contrast to the operation of the affairs of the club under the former management at a substantial loss, under the new management since January 1959 the affairs of the club have been conducted with increased activity, profitably, and the paid membership has increased to 350 members.

We, therefore, find and conclude that the order of the board finding that the appellant is not a bona fide club within the contemplation and meaning of Section 4303.17, Revised Code, and is not entitled to the reissuance of its Class D-4 permit is not supported by reliable, probative and substantial evidence and is not in accordance with law.

Section II of Regulation No. 65 of the board provides in part as follows:

"When the director refuses to issue, renew or transfer any permit he shall, by registered mail, return receipt requested, send to the person so refused, notice of such order at the address stated in such person's application and a copy of such notice to the attorney of record of the applicant. *The notice shall set forth the reasons for his action, refer to the law or rule directly involved, and state that the party will be afforded a hearing by the board if requested within thirty days from the time of mailing the notice.*" (Emphasis added.)

In our opinion, the order of the director and the notice thereof did not literally comply with the second sentence of the above regulation, but it was sufficient to apprise the appellant of the reasons for the rejection of its application to renew its permit, and any error incident thereto is nonprejudicial. See *Metro Tavern, Inc.,* v. *Board, supra.*

Appellant's notice of appeal was filed with the board on May 3, 1961, and the board set the appeal for hearing on May 19, 1961. Appellant assigns as error and in support thereof contends that the board failed to comply with that provision of Section 119.07, Revised Code, requiring the board to set the appeal for hearing within fifteen days after such hearing has been requested. It would appear obvious that the board complied with the provisions of Section 1.14, Revised Code, and this assignment of error is not sustained.

The judgment of the Common Pleas Court is, therefore, reversed and the cause is remanded thereto with instructions to reverse the order of the board and to return the proceeding thereto with instructions to grant the application of appellant for renewal of its Class D-4 permit.

*Judgment reversed.*

DEEDS and SMITH, JJ., concur.