THE STATE OF OHIO *v.* SCULLEN.

[Cite as State v. Scullen (1977), 53 Ohio Misc. 11.]

(No. 76 CRB 08841—Decided April 15, 1977.)

Akron Municipal Court.

*Mr. Victor Dandrea,* for plaintiff.
*Mr. Thomas A. Shumaker,* for defendant.

GEORGE, J. The court has reviewed the Stipulation of Facts and the legal arguments briefed by counsel.

The facts, in their simplest form, are that the defendants, James D. Scullen, a bartender, was instructed by a man (identified only as Clarence), to give Steve Semuga and Semuga's friend a drink. The defendant gave Steve Semuga and Semuga's friend each a beer, and received payment for same from Clarence. There is no dispute that Steve Semuga at the time of this transaction, was in fact intoxicated. The issue revolves around whether or not the delivery of a beer to Steve Semuga and the payment for same by Clarence, is a sale to an intoxicated person and thus a violation of R. C. 4301.22(B). In construing the term "sale," this court adopts the commonly accepted legal definition of the term. Same includes the delivery of an item for a price, in this case beer.

Since criminal statutes are to be strictly construed and since a sale is composed of both a purchase and a delivery, both elements must be present to constitute a sale within R. C. 4301.22(B). The delivery of a beer without payment

cannot be said to be a sale under R. C. 4301.22(B). Likewise, the payment without delivery cannot constitute a sale under that section. See *Abdoney* v. *Board of Liquor Control* (1955), 101 Ohio App. 57, 135 N. E. 2d 775.

The purchase in this case was made by Clarence. The delivery was made to Steven Semuga. This cannot be said to be, beyond a reasonable doubt, a *sale* to Steve Semuga, an intoxicated person. Therefore, the defendant's motion for acquittal is well taken and is granted.

While the instant facts are legally insufficient for a conviction under R. C. 4301.22(B), the furnishing of intoxicating liquor to an intoxicated person may constitute a violation of the rules or regulations of the Department of Liquor Control.

The court therefore being of the opinion that the evidence is insufficient as a matter of law to warrant a conviction of the defendant, James D. Scullen, for the offense of sale of beer to an intoxicated person as set forth in the complaint, this court does hereby enter a judgment of acquittal.

*Defendant acquitted.*