SETTLEMYER, ADMX., APPELLANT, *v.* WILMINGTON VETERANS POST NO. 49, AMERICAN LEGION, INC., APPELLEE.

[Cite as Settlemyer *v.* Wilmington Veterans Post No. 49 (1984), 11 Ohio St. 3d 123.]

(No. 83-812—Decided June 13, 1984.)

*Messrs. Holbrock, Jonson, Bressler & Houser* and *Mr. Timothy R. Evans,* for appellant.

*Mr. Dennis Pusateri,* for appellee.

*Per Curiam.* The determinative question presented for our review is whether plaintiff-appellant's complaint sets forth a maintainable cause of action under Ohio law.

In *Mason* v. *Roberts* (1973), 33 Ohio St. 2d 29 [62 O.O.2d 346], we held in the syllabus as follows:

"1.  R.C. 4399.01, commonly known as the Dram Shop Act, does not provide the exclusive remedy against a liquor permit holder, to recover damages for the death of a bar patron.

"2.  The proprietor of a business establishment wherein alcoholic beverages are dispensed for consumption upon the premises owes a duty to members of the public while they are in his place of business to exercise reasonable care to protect them from physical injury as a result of violent acts of third persons.

"3.  In a wrongful death action against a liquor permit holder to recover damages for the death of a bar patron, whether the death resulted from an

assault and battery committed by a drunken patron, whether the defendant continuing to serve liquor to the drunken patron created a danger to the decedent, whether the defendant realized or in the exercise of reasonable care should have realized the danger to decedent, and whether the action taken by defendant to protect the deceased patron from that danger was reasonable under all of the circumstances, are ordinarily questions for the jury."

Appellant contends that *Mason, supra,* imposes a duty upon individuals who dispense alcoholic beverages to refrain from serving intoxicants to inebriated persons, and that this duty should be extended to the public at large, in that an establishment should be held liable for injuries to third persons which are proximately caused by the establishment in providing alcoholic beverages to intoxicated persons.

As we acknowledged in *Mason,* at 33, the common law historically provided no remedial basis for third persons injured by intoxicated individuals to recover from the provider of the alcoholic beverages. It had been thought that it was the consumption, and not the sale of the alcohol, that was the proximate cause of a person's intoxication, and that the mere providing of the beverages was, at best, a remote cause. Over the years, courts have abandoned this type of reasoning as being extreme, because in effect, it cloaked the providers of intoxicants with a blanket immunity from potential lawsuits. By the same token, in establishing new standards to adjudicate these types of lawsuits, courts have been careful to avoid the other extreme which could open the door to unlimited liability wherein a seller or provider could be placed in the situation of a veritable insurer of the alcohol recipient's misdeeds.

In the face of these two undesirable alternatives, this court in *Mason* sought to provide a more moderate standard in resolving actions brought by third parties against the sellers of alcoholic beverages for the injuries incurred from the seller's inebriated patrons.

Generally, in the absence of a statute to the contrary such as a Dram Shop or Civil Damage Act, the rule across the country has run contra to the allowance of an action by third persons injured by an intoxicated individual, against the provider of the alcoholic beverages, regardless of whether the provider is a commercial proprietor or a social host. See 45 American Jurisprudence 2d (1969) 853, Section 554; Annotation (1966), 8 A.L.R. 3d 1412; Annotation (1980), 97 A.L.R. 3d 528, at 571-572. In *Mason,* we stated that the Dram Shop Act (R.C. 4399.01) did not provide the exclusive remedy against commercial providers of intoxicating beverages, and we set forth two situations in which the commercial provider of alcoholic beverages could be subjected to liability to another patron. The first situation is where "the allegations, supported by the evidence, are such that, to the seller's knowledge, the purchaser's will to refrain is so impaired that it is not possible for him to refrain from drinking the liquor when it is placed before him."

*Mason, supra,* at 33. The other situation set forth is where the sale is contrary to statute. *Id.*

Our review of the allegations set forth in the instant complaint leads us to conclude that the appellant has failed to state a cause of action under the *Mason* decision.

First, we find *Mason* to be factually distinguishable from the case *sub judice* because *Mason* dealt with the sale of intoxicating beverages by a commercial provider of alcohol, whereas the instant case involves the providing of alcoholic beverages by a (non-commercial) social host. Secondly, we note that appellant alleges that the appellee veterans post either "knew or should have known" that Berlin was intoxicated, and continued to serve her alcoholic beverages even after she became intoxicated. We believe this allegation falls short of that standard which this court has long required in cases involving the sale of consciousness altering substances.

In *Flandermeyer* v. *Cooper* (1912), 85 Ohio St. 327, this court set forth an "actual knowledge" standard as a necessary component in fashioning a justiciable claim for relief in these types of cases. See, also, *Townsley* v. *Cincinnati Gardens, Inc.* (1974), 39 Ohio App. 2d 5 [68 O.O.2d 72]. This court then embraced the *Flandermeyer* "actual knowledge" standard in *Mason,* and implemented this criterion throughout the opinion.

In summing up appellant's allegations in this regard, we find persuasive the cogent reasoning of the court of appeals below: "* * * Appellant, at the most, in her complaint alleges constructive knowledge. Constructive knowledge is not a basis for liability."

Lastly, we find *Mason* to be inapplicable to the instant case because of the absence of any allegation in appellant's complaint setting forth the violation of a statutory duty on the part of appellee. R.C. 4399.01 cannot underlie appellant's cause, if for no other reason than that such a violation was never raised in her complaint.

Likewise, a violation of R.C. 4301.22(B) or (C) cannot provide appellant with a cause of action under the allegations set forth in her complaint for two reasons: first, appellant never raised such statutory violations as underlying her cause in the courts below and it is this court's policy to refrain from reviewing questions not presented in the court of appeals, *F. Enterprises* v. *Kentucky Fried Chicken Corp.* (1976), 47 Ohio St. 2d 154, 163 [1 O.O.3d 90]; and second, both R.C. 4301.22(B) and (C) required a *sale* of intoxicating beverages in order for the statutes to apply. The complaint does not allege, nor does the record reveal that a *sale,* as that term is defined in R.C. 4301.01(A)(2), underlies the instant claim for relief.[1] Thus, appellant's reliance on *Taggart* v. *Bitzenhofer* (1972), 35 Ohio App. 2d 23 [64 O.O.2d 157], and *Kemock* v. *The Mark II* (1978), 62 Ohio App. 2d 103 [16 O.O.3d 254], is

---

[1] R.C. 4301.01(A)(2) provides in part:

"*Except as used in sections 4301.01 to 4301.52,* 4301.56, 4301.70, 4301.72 and 4303.01 to 4303.36 of the Revised Code, 'sale' and 'sell' include exchange, barter, gift, offer for sale, sale distribution and delivery of any kind, and the transfer of title or possession of beer and intox-

misplaced since these cases dealt with a "sale" of alcoholic beverages by a commercial proprietor. Therefore, based on these reasons, we are convinced that the appellant has failed to state a cause of action under the *Mason* decision.

The next question becomes whether *Mason* should be extended in order to grant appellant a cause of action. We do not believe such an extension is warranted herein. We find merit in appellee's assertion that a social provider of intoxicating beverages should not be held to the same duty of care that a commercial proprietor is subject to under *Mason*. As the appellee points out, the commercial proprietor has a proprietary interest and profit motive, and should be expected to exercise greater supervision than in the (non-commercial) social setting. Moreover, a person in the business of selling and serving alcohol is usually better organized to control patrons, and has the financial wherewithal to do so. It also is reasonable to conclude that by virtue of its experience, the commercial proprietor is more familiar with its customers and their habits and capacities.

Our reluctance to extend potential liability to the social provider of alcoholic beverages is in accord with the well-reasoned opinions of other courts which have broached this particular issue. See *Miller* v. *Owens-Illinois Glass Co.* (1964), 48 Ill. App. 2d 412, 199 N.E. 2d 300; *Manning* v. *Andy* (1973), 454 Pa. 237, 310 A. 2d 75; *Cartwright* v. *Hyatt Corp.* (D.D.C. 1978), 460 F. Supp. 80; *LeGault* v. *Klebba* (1967), 7 Mich. App. 640, 152 N.W. 2d 712. Cf. *Coulter* v. *Superior Court* (1978), 21 Cal. 3d 144, 145 Cal. Rptr. 534, 577 P. 2d 669; *Wiener* v. *Gamma Phi* (1971), 258 Ore. 632, 485 P. 2d 18.

We are mindful of the fact that since the ratification of the Twenty-First Amendment to the United States Constitution, virtually every aspect involved in the manufacture, sale and distribution of alcoholic beverages has been regulated by the General Assembly. Thus, we are of the opinion that any policy modifications which are designed to encompass the potential liability of social providers of intoxicating beverages should perhaps be deferred to the sound discretion of the legislature.

Based upon all the foregoing, we find that in accordance with the test for adjudicating a Civ. R. 12(B)(6) motion as found in *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223], it appears beyond doubt that appellant can prove no set of facts entitling her to relief. Therefore, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

---

icating liquor either by constructive or actual delivery by any means or devices whatever." (Emphasis added.)

Hence, under the limiting language of this provision, "sale" or "sell" is confined to its ordinary meaning, and the above definitions do not apply to R.C. 4301.22. See *Abdoney* v. *Bd. of Liquor Control* (1955), 101 Ohio App. 57 [1 O.O. 2d 33].

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs in judgment.

HOLMES, J., concurring in judgment. I concur in the judgment here in that the court of appeals correctly determined that there was no statutory basis under R.C. 4399.01 upon which a cause of action had been stated. Also, it was correctly concluded that there had been no justiciable claim for relief as pronounced by this court in *Mason* v. *Roberts* (1973), 33 Ohio St. 2d 29 [62 O.O.2d 346]. In the latter case, this court broadened the "dram shop" law, and established a duty upon proprietors of liquor establishments to members of the public *while they are in their places of business* to reasonably care for, and protect them from physical injury as a result of violent acts of third persons.

In regard to whether the proprietor had properly carried out this duty, this court established the law that jury issues may be presented as to whether the death was occasioned by a drunken patron, whether the continued service of alcohol to the drunken patron created a danger to the deceased, whether the proprietor realized, or should have realized, the danger to the decedent, and whether the action taken by the proprietor to protect the deceased was reasonable under all of the circumstances.

It is important to note that *Mason* v. *Roberts* was not addressing the issue of the duty owed by a proprietor to the public at large, but only the duty owed to other patrons of the liquor establishment. This court has never extended the case law of *Mason* to the general public, and the majority should so state more clearly here.

It may well be argued that sound public policy might dictate a higher degree of duty owed by a proprietor of a liquor establishment to the public at large in continuing to serve an inebriated patron who later becomes involved in a disastrous automobile accident. But, if such is a desirable change in our state laws, it behooves the General Assembly to provide such change.

I conclude that I am able to concur in the judgment of the majority, but for the reasons stated.