**HORWATH, Appellant,**

**v.**

**SMITH; Horwath, Appellee.** ▮

[Cite as *Horwath v. Smith* (1996), 114 Ohio App.3d 630.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 96–L–050.

Decided Oct. 15, 1996.

*Jeffrey H. Friedman,* for appellant.

*I. James Hackenberg,* for appellee.

NADER, Judge.

This is an accelerated appeal from the Lake County Court of Common Pleas. The trial court granted the Civ.R. 12(B)(6) motion of defendant-appellee, Jack Horwath, to dismiss Counts 2, 3, and 4 of the first amended complaint. These counts charged him with negligence in serving alcohol to his live-in fiancee, defendant Deborah Smith, who intentionally caused injuries to plaintiff-appellant, Carrilynn Horwath, while she was a guest in their home.

On appeal, appellant argues that the trial court improperly considered evidentiary material outside the complaint and that the complaint adequately states a cause of action under Ohio law. We disagree.

The trial court's judgment entry makes no reference to any material outside the bare allegations in the complaint. Since the court properly confined its analysis to the four corners of the complaint, appellant's argument that the court considered matter which would have converted the motion to dismiss into one for summary judgment is without merit.

It is tempting to analyze this case under the principles of premises liability, as appellant suggests, and to consider whether appellee has breached his duty as a host to appellant, a social guest. See *Scheibel v. Lipton* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E.2d 453, paragraph three of the syllabus. Indeed, there are compelling arguments why we should do so. But, traditionally, there has been no recognizable cause of action against the furnisher of the alcohol by one injured by an intoxicated person. *Great Cent. Ins. Co. v. Tobias* (1988), 37 Ohio St.3d 127, 129–130, 524 N.E.2d 168, 170–172. The common-law principle that the intoxicated person's voluntary act to consume the alcohol is the real cause of the injury holds true in this case, and neither of the exceptions discussed in *Mason v. Roberts* (1973), 33 Ohio St.2d 29, 62 O.O.2d 346, 294 N.E.2d 884, which stem from situations involving sales of intoxicating liquor at commercial establishments, applies in this context. The Supreme Court of Ohio has refused to impose the same duties on social hosts as on commercial providers of alcohol. *Settlemyer v. Wilmington Veterans Post No. 49, Am. Legion, Inc.* (1984), 11 Ohio St.3d 123, 11 OBR 421, 464 N.E.2d 521.

Further, we decline to impose a duty on appellant in this situation, because of a "commonsense public policy; namely, that an adult who is permitted [by law] to drink alcohol must be the one who is primarily responsible for his or her own behavior and resulting voluntary actions." *Smith v. The 10th Inning, Inc.* (1990), 49 Ohio St.3d 289, 291, 551 N.E.2d 1296, 1298.

Additionally, there can be no dramshop liability under R.C. 4301.22 because there was no allegation that appellee holds a liquor permit or that Smith

was under twenty-one years of age when appellee furnished her with alcohol. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798.

For these reasons, we hold that the complaint has failed to state a cause of action under Ohio law. Appellant's assignment of error is meritless.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.