HOMAN et al., Appellants,

v.

GEORGE et al., Appellees.

[Cite as *Homan v. George* (1998), 127 Ohio App.3d 472.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE06–838.

Decided April 30, 1998.

*Bidwell & Beachler Co., L.P.A., Jinx Statler Beachler* and *David M. Bidwell,* for appellants.

*Frost & Maddox Co., L.P.A.,* and *Mark S. Maddox,* for appellees.

STRAUSBAUGH, Judge.

Plaintiffs-appellants, Brendyn and Kelle Homan, appeal the decision and order of the Franklin County Court of Common Pleas granting the motion to dismiss of defendants-appellees, William George, Judith George, and David Oakley. Appellants assert the following two assignments of error:

"Assignment of Error No. 1:

"Whether the trial court committed reversible error in granting defendants'-appellees' O.R.Civ.P. Rule 12(B)(6) motion to dismiss as to plaintiff–appellant Kelle Homan?"

"Assignment of Error No. 2:

"Whether the trial court committed reversible error in granting defendants'-appellees' O.R.Civ.P. Rule 12(B)(6) motion to dismiss as to plaintiff–appellant Brendyn Homan?"

Appellants' complaint contained two counts. The first count set forth a negligence claim by Kelle Homan based on injuries incurred in a motor vehicle accident and a loss-of-consortium claim by her son, Brendyn Homan. The second count set forth a claim of infliction of emotional distress by Brendyn Homan.

Appellees filed a Civ.R. 12(B)(6) motion to dismiss, asserting that the complaint failed to state a claim upon which relief could be granted. The trial court granted the motion and dismissed the claims.

A motion to dismiss is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 380–381. When considering a Civ.R. 12(B)(6) motion to dismiss, a court must presume that the factual allegations of the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 650 N.E.2d 899. A complaint will not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would warrant relief. *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

The facts set forth in the complaint allege that on May 19, 1996, appellant Kelle Homan visited appellee David Oakley at the home where appellees jointly resided. All appellees knew that she was there and that she was an alcoholic. Oakley served Kelle Homan alcoholic beverages, which caused her to become highly intoxicated, which was known by all appellees. While Kelle Homan was at appellees' home, appellant Brendyn Homan and a family friend made several telephone calls to the residence inquiring as to Kelle Homan's whereabouts and whether she was intoxicated, and expressing a desire to either pick her up or arrange other transportation so that she would not drive while intoxicated. Appellees denied knowing where Kelle Homan was, denied that she was at their residence, and otherwise prevented steps being taken that would have prevented Kelle Homan from driving away from their residence in an intoxicated state.

Appellants allege that appellees' conduct was negligent, reckless, intentional, and malicious and that this conduct was the proximate cause of Kelle Homan's involvement in and responsibility for a serious motor vehicle accident in which she sustained serious personal injury and property damage.

In the first assignment of error, appellants allege that the trial court erred when it dismissed Kelle Homan's negligence claim.

To establish actionable negligence, one must show the existence of a duty, breach of the duty, and injury resulting proximately therefrom. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 269–270. The existence of a duty is a question of law. *Id.* at 318, 544 N.E.2d at 269–270. The existence of a duty depends on the foreseeability of the injury, although foreseeability alone is not always sufficient to establish the existence of a duty. *Estates of Morgan v. Fairfield Family Counseling Ctr.* (1997), 77 Ohio St.3d 284, 293, 673 N.E.2d 1311, 1319. "Duty '* * * is the court's "expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." (Prosser, Law of Torts (4th ed. 1971) pp. 325–326). Any number of considerations may justify the imposition of duty in particular circumstances, including the guidance of history, our continually refined concepts of morals and justice, the convenience of the rule, and social judgment as to where the loss should fall. (Prosser, *Palsgraf Revisited* (1953), 52 Mich.L.Rev. 1, 15). * * *' *Weirum v. RKO General, Inc.* (1975), 15 Cal.3d 40, 46, 123 Cal.Rptr. 468, 471, 539 P.2d 36, 39." *Id.*

Common law has traditionally recognized a distinction between misfeasance and nonfeasance. *Morgan,* 77 Ohio St.3d at 293, 673 N.E.2d at 1319, fn. 2. The law imposes a duty to refrain from active misconduct that causes a positive injury to others, but does not impose a duty to take affirmative action to aid or protect another. *Id.*

■ At common law, it was the general rule that the proximate cause of injuries caused by intoxicated persons was the voluntary consumption of the alcohol. *Great Cent. Ins. Co. v. Tobias* (1988), 37 Ohio St.3d 127, 129–130, 524 N.E.2d 168, 170–172. Thus, the common law historically provided no remedy— for third persons injured by intoxicated persons or the intoxicated person—to recover from the provider of alcoholic beverages. *Id.* As to third persons injured by intoxicated persons, public policy interests have led to the creation of exceptions to this principle that dilute the extreme effect of the blanket immunity of providers. *Settlemyer v. Wilmington Veterans Post No. 49* (1984), 11 Ohio St.3d 123, 125, 11 OBR 421, 422–423, 464 N.E.2d 521, 522–523; and *Great Cent. Ins. Co.,* 37 Ohio St.3d at 130, 524 N.E.2d at 171–172. However, the Ohio Supreme Court has not extended the exceptions to give an intoxicated person a negligence claim against the provider.

In *Smith v. 10th Inning, Inc.* (1990), 49 Ohio St.3d 289, 551 N.E.2d 1296, the court refused to find that a statute that gives a cause of action against a liquor permit holder who sold alcoholic beverages to an intoxicated person to a third person injured by the intoxicated person also gives a cause of action to the intoxicated person. The court's main reason for rejecting this suggestion was the public policy that "an adult who is permitted to drink alcohol must be the one who is primarily responsible for his or her own behavior and resulting voluntary actions. Clearly, permitting the intoxicated patron a cause of action in this context would simply send the wrong message to all our citizens, because such a message would essentially state that a patron who has purchased alcoholic beverages from a permit holder may drink such alcohol with unbridled, unfettered impunity and with full knowledge that the permit holder will be ultimately responsible for any harm caused by the patron's intoxication." *Id.* at 291, 551 N.E.2d at 1298.

■ As a general rule, social hosts are not subject to liability for injuries proximately caused by their intoxicated guests. *Tobias,* 37 Ohio St.3d at 129, 524 N.E.2d at 170–171. This rule is consistent with both the common-law principle that there is no duty to affirmatively act to protect another and the policy that persons should be responsible for their drinking. But, see, *id.* at 132–133, 524 N.E.2d at 173–174 (Douglas, J., dissenting).

■ Appellants assert that because Kelle Homan is an alcoholic, her state of intoxication was not voluntary, but was due to appellees' providing her with alcohol knowing that she was unable to refrain, and that public policy supports recognizing her negligence claim against appellees.

Appellants have cited no authority, nor has this court found any, establishing that an alcoholic's initial decision to drink an alcoholic beverage should not be

viewed as a voluntary decision, that alcoholics should not be held responsible for the consequences of their voluntary consumption of alcoholic beverages and resulting intoxication, or that social hosts owe a greater duty of care to alcoholic guests.

Thus, despite the fact that the Supreme Court has not spoken directly on the issue, if this court were to find that the complaint sets forth a claim for relief based on a determination that a social host owes an alcoholic guest a duty to discontinue serving alcohol, order the guest to leave before the guest becomes intoxicated, or prevent the guest from driving away, it would be inconsistent with the Supreme Court's clear position that intoxicated persons are primarily responsible for the consequences of their intoxication.

For the above reasons, this court finds that appellants can prove no set of facts entitling them to relief. Therefore, appellants' first assignment of error is overruled.

In their second assignment of error, appellants allege that the trial court erred when it dismissed Brendyn Homan's claim for infliction of emotional distress and loss of consortium.

The claims for loss of consortium and infliction of emotional distress are based on Kelle Homan's accident. Appellants have not established that appellees breached a legal duty they owed Brendyn Homan when they allegedly lied to Brendyn and otherwise prevented him and others from ensuring a ride home for Kelle Homan. Because this court has found that appellees were under no duty to prevent Kelle Homan from becoming intoxicated or from preventing her from driving away from their home while intoxicated, and that Kelle Homan's voluntary intoxication was the proximate cause of the accident, appellants' second assignment of error is overruled.

Appellants' two assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

CLOSE, J., concurs.

TYACK, J., dissents.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.

TYACK, Judge, dissenting.

I respectfully dissent.

This case does not present a situation where Kelle Homan merely drank too much and was injured as a result. This case involves a situation where a known alcoholic was encouraged to drink and where efforts to rescue the alcoholic were thwarted by lies and deception. I believe that at least some of the financial responsibility for the losses and injury that resulted should be borne by the parties who encouraged Kelle Homan to drink and who concealed her whereabouts from her son, who was trying to help her.

The medical community generally views alcoholism as a disease and has done so for many years. If this disease model has any validity at all, then alcoholism is not completely an issue of morality, but is also an issue involving physiology. The alcoholic bears responsibility for her or his decision to consume alcohol on a given day. However, those who encourage or enable the alcoholic to consume also bear some responsibility.

Nothing in the pleadings indicates that Brendyn Homan did anything wrong on the night his mother was injured. He tried to locate his mother and to help her before she injured herself or was injured. Under the circumstances, the appellees should have some liability for the harm they caused him. I believe that the lawsuit he filed should be allowed to proceed to establish that liability. Since the majority opinion affirms total dismissal of the lawsuit, I respectfully dissent.