OPINION
Plaintiffs-appellants, relatives of decedent Dennis Day Gilkey ("Gilkey") and the administrator of Gilkey's estate, appeal the Franklin County Court of Common Pleas' decision to grant summary judgment in favor of defendants-appellees, Commercial Office Specialists, Inc., and Earl Sullivan, Jr.
On December 20, 1996, John Gibson attended a holiday party held annually by his employer, appellee Commercial Office Specialists, Inc. ("Commercial"). Appellee Sullivan, president of Commercial, planned the party, which was held for Commercial's employees and customers.
On the day of the party, the employees worked until 11:00 a.m., but were paid as if they had worked a full eight-hour day. The party began around lunchtime and was held at a warehouse on Commercial's property. Commercial's employees received a holiday ham and a Christmas bonus at the party. However, none of the employees were required to stay at the party. Food and alcohol were served at the party and guests served themselves what they wanted to drink. Taxi vouchers were available for those attending the party in need of a ride.
Sullivan testified that Gibson was drinking alcohol at the party. On several occasions, Sullivan ordered Gibson not to drive, telling him that he had called a taxi or that one of the company's painters was going to take him home. Other guests at the party also offered to drive Gibson home. However, Gibson did not accept any rides home. Sullivan testified that he ordered two people attending the party to confiscate Gibson's keys and to disconnect the coil wire on Gibson's automobile so he could not drive. However, according to Sullivan, the individuals could not disconnect the coil wire because Gibson's car was locked. Sullivan also testified that he does not know if the individuals were successful in confiscating the keys.
Gibson decided to leave the party around 7:00 p.m. Sullivan testified that he ordered some guests at the party to block Gibson's automobile in its parking space with a company truck. However, according to Sullivan, Gibson hit the truck with his automobile and was able to move it enough to get out of his parking space. A Commercial employee then attempted to take Gibson's keys out of the ignition but was unsuccessful in doing so. Gibson drove away and was involved in an automobile accident that killed Gilkey.
Thereafter, appellants filed a wrongful death action against Commercial and Sullivan. As noted above, Commercial and Sullivan filed a motion for summary judgment, which the trial court granted. Appellants appeal, raising one assignment of error:
 THE TRIAL COURT ERRED IN GRANTING APPELLEES COMMERCIAL OFFICE SPECIALISTS, INC.'S AND EARL SULLIVAN, JR.'S MOTION FOR SUMMARY JUDGMENT.
Civ.R. 56(C) provides that, before summary judgment may be granted, it must be determined that there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. Additionally, a moving party cannot discharge its burden under Civ.R. 56 simply by making conclusory assertions that the non-moving party has no evidence to prove its case. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Rather, the moving party must point to some evidence that affirmatively demonstrates that the non-moving party has no evidence to support his or her claims. Id.
An appellate court's review of summary judgment is denovo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588; Bard v. Society Natl. Bank, nka KeyBank (Sept. 10, 1998), Franklin App. No. 97APE11-1497, unreported (1998 Opinions 4085). Thus, we are required to conduct an independent review of the record and stand in the shoes of the trial court. Jones v.Shelly Co. (1995), 106 Ohio App.3d 440, 445.
In this case, the trial court granted summary judgment for Commercial and Sullivan on the basis that no legal duty existed for Commercial and Sullivan to control the drinking and driving opportunities of Gibson in order to keep Gibson from harming third parties, specifically users of the public roadways.
We will note ab initio that we have previously held on the present facts, in a parallel case to the one now before us, that Commercial and Sullivan were social hosts and Gibson was a social guest at the holiday party. Hare v. Gibson (Dec. 22, 1998), Franklin App. No. 98AP-244, unreported (Memorandum Decision). We relied upon Settlemeyer v. Wilmington Veteran'sPost No. 49 (1984), 11 Ohio St.3d 123, 127, in which the Supreme Court of Ohio held that a social host is not liable for injuries to a third-party that occur as a result of the negligence of an intoxicated social guest. Settlemeyer has been applied to the employer-holiday party context and been found controlling. Knoxv. Bell Optical Lab, Inc. (Oct. 24, 1989), Montgomery App. No. 11457, unreported.
Conceding that the relative status of Commercial and Gibson as social host and social guest, respectively, is resjudicata pursuant to our decision in Hare, appellant seeks to establish liability on other grounds. Appellant argues that appellees had a "special relationship" due to their employer-employee status, which gave rise to a duty on the part of appellees to control Gibson when it became apparent that his condition made it unsafe for him to operate a motor vehicle. In the alternative, appellant argues that appellees should be liable on the basis of respondent superior for Gibson's tortious acts, urging that a broader view of the employer-hosted party should be taken, placing it within Gibson's "scope of employment."
With respect to the respondeat superior issues raised by appellant, our decision in Hare specifically noted that Gibson was not acting within the scope of his employment during the holiday party. Under the doctrine of respondeat superior, an employer is liable for an employee's negligence where the work performed that of the master and the servant is subject to the control of the master in performing the work. Boch v. New York Life Ins. Co.
(1964), 175 Ohio St. 458. "Conduct is within the scope of employment if it is initiated, in part, to further or promote the master's business." Martin v. Central Ohio Transit Auth. (1990),70 Ohio App.3d 83, 92.
With respect to negligence in operating a motor vehicle, in order to establish respondeat superior it must be shown that the employer had expressly or impliedly authorized the employee to use his own automobile in doing the work he was employed to do, that the employee was at the time of the alleged negligence doing such work, and that the employee was subject to the direction and control of the employer in the operation of the automobile. Boch, syllabus.
On the present facts, it is apparent that Gibson was not expressly or impliedly authorized to use his own vehicle in furtherance of his employer's work. Gibson's destination, as he left the party, was to go home and not to perform any work for Commercial. There is no genuine issue of material fact on the issue of respondeat superior, as we found in Hare, and appellant's respondeat superior arguments are, therefore, unpersuasive.
We now turn to appellant's arguments regarding the existence of a "special duty" between appellees and Gibson to control Gibson's conduct after he became intoxicated at the company party. Appellant relies specifically upon 2 Restatement of the Law 2d, Torts (1965) 125, Section 317 ("Section 317 of the Restatement"), providing as follows:
 A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
(a) the servant
 (i) is upon the premises in possession of the matter or upon which the servant is privileged to enter only as his servant, or
(ii) is using a chattel of the master, and
(b) the master
 (i) knows or has reason to know that he has the ability to control his servant, and
 (ii) knows or should know of the necessity and opportunity for exercising such control.
Appellant cites several out-of-state cases which rely on Section 317 of the Restatement, on more or less congruent facts, to define liability for an employer. In Ohio, however, Section 317 of the Restatement has yet to be applied to facts similar to the ones before us. Where it has been applied, it has been limited to situations in which the tortious conduct of the employee occurred on the premises in possession of the employer. See, e.g., Kerans v. Porter Paint Co. (1991),61 Ohio St.3d 486 (employer liable for store manager's sexual harassment of employee on store premises). This comports with what appears to be the express language of Section 317 of the Restatement, which limits the employer's duty to control the employee while on the premises, or when using chattel belonging to the company. We find that Section 317 of the Restatement is inapplicable to the facts before us because Gibson's tortious conduct occurred while driving his own vehicle on his way home, and therefore not on the company premises.
Appellant finally cites our decision in Fletcher v.Columbus Fair Auto Auction, Inc. (June 13, 1995), Franklin App. No. 94APE09-1394, unreported (1995 Opinions 2564[a]), which also mentions Section 317 of the Restatement. In Fletcher, an employee became intoxicated while at work. His employer, an automobile auction business, confiscated his car keys and called for relatives to come and get the intoxicated employee. Eventually, the employee was confined to a vehicle which contained no keys. The employee managed to enter another auction vehicle, in which the keys were found, and drove off the premises, causing an accident fatal to himself and injurious to the plaintiff. Our decision in Fletcher, however, specifically stated that it was not deciding the case on facts, which are comparable to the one before us:
 We express no opinion, however, as to whether an employer has a duty to prevent an employee from leaving in his own car when he is suspended during the middle of a shift.
Id., at 2574[a]. In fact, a closer reading of Fletcher
reveals that the case was decided as much on questions of negligent entrustment as on a failure to control, since the tortfeasor was allowed ready access to a number of company-controlled vehicles in which the keys could be found. On this basis alone, Fletcher is readily distinguishable from the case before us.
In summary, we find that Section 317 of the Restatement has yet to be applied in Ohio on facts comparable to those before us. We find the applicable law in the present case is that set forth by the Ohio Supreme Court in Settlemeyer, controlling the liability of social hosts for tortious acts of their social guests. On this basis, we find that the trial court did not err in granting summary judgment for appellees, and appellant's assignment of error is accordingly overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT, J., concurs.
KENNEDY, J., dissents.