I respectfully dissent. I disagree with the majority's conclusion that appellees, Commercial Office Specialists, Inc., ("Commercial") and Earl Sullivan, Jr., ("Sullivan"), owed no duty to control appellee's John R. Gibson's ("Gibson") drinking and driving opportunities in order to keep him from harming third-parties on the public roadways.
Under 2 Restatement of the Law 2d, Torts (1965) 125, Section 317 ("Section 317 of the Restatement"), an employer has a duty to control the conduct of his or her employee while the employee is on the employer's premises in order to keep the employee from harming others when the employer knows, or should know, that he or she has the ability to control the employee and knows, or should know, of the necessity and opportunity for exercising such control. See, also, Kerans v. Porter Paint Co.
(1991), 61 Ohio St.3d 486, 491 (applying Section 317 of the Restatement to hold employer liable for store manager's sexual harassment of employee).
In this case, the opportunity to control Gibson, to prevent him from harming others, arose while he was on the premises of Commercial and Sullivan. Gibson was drinking alcohol while on the premises of Commercial and Sullivan. Sullivan observed Gibson's drinking at the party and became worried that Gibson would get pulled over by the police for drunken driving. Thus, the record shows that Sullivan knew of the need to control Gibson's drinking and driving opportunities. Additionally, the record shows that Sullivan appreciated the opportunity to control Gibson's drinking and driving opportunities. Sullivan testified that he ordered Gibson not to drive and told him on separate occasions that he had called a taxi or that one of the company's painters was going to take him home. Sullivan also testified that he asked two people attending the party to prevent Gibson from driving. Furthermore, Sullivan testified that he ordered Gibson's automobile be blocked in its parking space by a company truck.
Any alleged negligence by Gibson's employers regarding their duty to control Gibson's drinking and driving opportunities would raise a material issue as to the proximate cause of the automobile accident with an intoxicated Gibson and the decedent.Wong-Leong v. Hawaiian Independent Refinery, Inc. (Hawaii 1994),879 P.2d 538, 551 (relying on Section 317 of the Restatement to hold that an employer's failure to control an employee's drinking and driving opportunities while the employee was on the employer's premises was the proximate cause of the injuries to third-parties involved in accidents with the intoxicated employee); see, also,Dickinson v. Edwards (Wash. 1986), 716 P.2d 814, 822 (Utter, J., concurring). Negligent conduct is the "proximate cause" of an injury if the injury is the natural and probable consequences of the conduct. Hubbell v. Ross (Nov. 9, 1999), Franklin App. No. 99-294, unreported (1999 Opinions 4814). An injury is the natural and probable consequence of negligent conduct if the injury might and should have been foreseen. Id. An injury is foreseeable if a reasonably prudent person, under the same or similar circumstances, would have anticipated that injury to another was the likely result of his or her conduct. Id. In this case, Gibson's employers should have foreseen that Gibson would be a hazard to others on the public roadways if they allowed Gibson to become intoxicated and drive away from their premises while intoxicated. See Fletcher Trucking v. Columbus Fair Auto Auction,Inc. (June 13, 1995), Franklin App. No. 94APE09-1394, unreported (1995 Opinions 2564[a]), (noting that an employer should foresee that an employee who became intoxicated at the workplace would be involved in an accident if the employee drove from the employer's premises); see, also, Dickinson, at 823 (Utter, J., concurring) (recognizing that an employer should foresee the possibility that an employee who became intoxicated during an employer-hosted holiday party would immediately and unreasonably risk the lives and property of others driving on the public roadways if the intoxicated employee was allowed to drive from the employer's premises).
Accordingly, I would conclude that Section 317 of the Restatement applies in this case, thereby imposing a duty on Gibson's employers to control Gibson's drinking and driving opportunities in order to prevent him from harming third-parties on the public roadways.
I do not believe we would be bound to conclude otherwise because of our previous decision in Hare v. Gibson (Dec. 22, 1998), Franklin App. No. 98AP-244, unreported (Memorandum Decision). In Hare, a parallel case to the one now before us, we concluded that Commercial and Sullivan owed no duty as social providers of alcohol to control the drinking and driving opportunities of Gibson. Hare. In so concluding, we relied upon the Ohio Supreme Court's decision that held social providers of alcohol have no duty to protect against the likelihood that a guest may become intoxicated and, as a result, while driving home, injure a member of the general public. Settlemyer v. WilmingtonVeterans Post No. 49 (1984), 11 Ohio St.3d 123, 127. However, in my opinion, it is the employer-employee relationship, as dictated by Section 317 of the Restatement, that imposes a duty on employers Commercial and Sullivan to control Gibson's drinking and driving opportunities. Imposing such a duty would continue to exclude the purely social host from liability. Furthermore, the duty would exclude the employer hosting a party on his or her premises from liability for the actions of the non-employee guest.
Additionally, the policy reasons behind Settlemyer would not prohibit us from imposing a duty on Sullivan and Commercial in this case. The Settlemyer decision protects a social host from incurring liability for automobile accidents caused by intoxicated guests because social hosts ordinarily do not have the organization or the financial means to properly control its guests. Settlemyer, at 121. However, employers, by their very relationship with their employees, have the means to exert control over the conduct of their employees. Indeed, an employer has significantly greater influence and control over an employee at an employer-hosted party than a purely social host would have over a social guest. Gariup Construction Co., Inc. v. Foster (Ind. 1988), 519 N.E.2d 1224, 1229. For example, the employer has the ability to reprimand and discipline an employee for inappropriate behavior. Furthermore, in most circumstances, an employer hosting a party is better positioned to hire additional help to control its employees as opposed to a social host doing likewise for his or her guests. Moreover, an employer has the additional financial benefit of writing the hiring expense off as a business deduction on his or her taxes. Dickinson, at 824 (Utter, J., concurring).
Courts in other jurisdictions have held that employers who serve alcohol to their employees have a duty to protect against the likelihood that the employees may become intoxicated and, as a result while driving intoxicated, injure a member of the general public. Wong-Leong, at 551; Gariup, at 1228-1229;Dickinson, at 820-821. These courts imposed such a duty on employers even though their jurisdictions have laws protecting the social host from liability for acts of intoxicated guests.Wong-Leong, at 551; Gariup, at 1227; Dickinson, at 817.
Finally, I reject the contention by Commercial and Sullivan that we would be usurping a legislative matter by holding that the employers owed a duty to control the drinking and driving opportunities of Gibson while Gibson was on their premises attending the holiday party. The issue of whether a duty exists in a particular tort case is a question of law for the court.Fletcher, at 2571(a); see, also, Dickinson, at 826, (Utter, J., concurring) (noting that the courts, not the legislature, are responsible for consistent reevaluations of tort law). Indeed, the interpretation of the laws "is the proper and peculiar province of the courts." State ex rel. Ohio Academy of TrialLawyers v. Sheward (1999), 86 Ohio St.3d 451, 493.
The Ohio Supreme Court has recognized that the carnage caused by drunk drivers, most of which could have been avoided, "now reaches the astounding figures only heard of on the battlefield." Doyle v. Ohio Bur. of Motor Vehicles (1990),51 Ohio St.3d 46, 53. Society is becoming progressively less tolerant of drunken driving and is recognizing the need to remove drunk drivers from the highways. Doyle, at 54; Dickinson, at 821 (Utter, J., concurring).
Therefore, based on the reasons noted above, I would sustain appellant's single assignment of error and reverse the trial court's judgment for further actions consistent with my dissent.