DECISION AND JOURNAL ENTRY
Robin Pappas appeals the judgment of the Medina County Court of Common Pleas that granted summary judgment in favor of Robert J. and Claudia Petry. We affirm.
On June 23, 1995, the Petrys held a graduation party at their home for their daughter and their nephew. The Petrys did not provide or serve alcohol to their guests. Individual guests who wished to consume alcohol were expected to bring their own alcoholic beverages. Michael A. Noar, an adult, attended the party. The parents of the Petrys' nephew had invited him.
While at the party, Noar consumed alcohol and became rude, obnoxious, and visibly drunk. Noar left the party alone, and drove his own vehicle. While driving eastbound in a westbound lane on U.S. Route 224, Noar collided with two vehicles. One of the vehicles was driven by Jennifer K. Pappas, who died as a result of the accident.
Robin Pappas filed suit, as the administratix of the estate of Jennifer K. Pappas, against the Petrys alleging that the Petrys were liable for Jennifer's death because they negligently served alcohol to an adult guest at a party on their premises. The Petrys filed a motion for summary judgment asserting that Ohio does not recognize social host liability for the actions of adults. The trial court granted the motion.
Pappas has timely appealed, asserting two assignments of error which will be addressed concurrently as they raise similar issues of law and fact.
 FIRST ASSIGNMENT OF ERROR THE COURT OF COMMON PLEAS FOR MEDINA COUNTY ERRIED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT, CONCLUDING THAT OHIO DOES NOT RECOGNIZE COMMON LAW LIABILITY OF SOCIAL HOSTS.
 SECOND ASSIGNMENT OF ERROR THE COURT OF COMMON PLEAS FOR MEDINA COUNTY VIOLATED APPELLANT'S OHIO CONSTITUTIONAL RIGHT TO AN OPEN COURT AND AS A RESULT, APPELLANT WAS DENIED A MEANINGFUL REMEDY.
 Pappas avers that the trial court erred in granting summary judgment. She asserts that the trial court's reliance on Settlemyer v. Wilmington Veterans Post No. 49
(1984), 11 Ohio St.3d 123, is misplaced. This Court disagrees.
In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. Perkins v.Lavin (1994), 98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
Pappas asserts that Settlemyer, supra, is distinguishable from the facts of this case because the Settlemyer social host only had constructive knowledge that the guest was intoxicated, and the Petrys had actual knowledge that Noar was drunk. Pappas requests this Court to hold "social hosts * * * to the same standard of care as commercial providers when they directly continue to serve an intoxicated guest, knowing that the guest will soon drive home." For the reasons set forth by the Ohio Supreme Court in Settlemyer, we decline to do so.
The facts of the instant case are not only similar to Settlemyer, but make an even stronger case for the rule that a social provider of intoxicating beverages cannot be held liable to a third person subsequently injured by the intoxicated person. Settlemyer involved the providing of alcoholic beverages by a social host who knew or should have known that the guest was intoxicated, and continued to serve the guest alcoholic beverages. The complaint failed to allege any violation of a statutory duty on the part of the social host. Likewise, Pappas has not alleged that the Petrys violated any law. Unlike the social host inSettlemyer, the Petrys did not serve Noar alcohol. Rather, the guests provided their own alcoholic beverages.
Pappas may not get through the judiciary what she did not receive from the General Assembly. In Settlemyer, the Ohio Supreme Court stated:
 [S]ince the ratification of the Twenty-First Amendment to the United States Constitution, virtually every aspect involved in the manufacture, sale and distribution of alcoholic beverages has been regulated by the General Assembly. Thus, we are of the opinion that any policy modifications which are designed to encompass the potential liability of social providers of intoxicating beverages should perhaps be deferred to the sound discretion of the legislature.
Settlemyer, supra, at 524.
Accordingly, we find there are no genuine issues of material fact and the lower court did not err in concluding that the Petrys were entitled to judgment as a matter of law. Pappas' first and second assignments of error are overruled.
 —
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., SLABY, J., CONCUR