[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 467.]

LESNAU, ADMR., APPELLEE, *v.* ANDATE ENTERPRISES, INC. ET AL.,

APPELLANTS.

[Cite as *Lesnau v. Andate Enterprises, Inc.*, 2001-Ohio-1591.]

*Torts—Dram Shop Act—Liquor permit holder is liable for negligent actions of intoxicated person occurring off premises, when—Knowingly selling intoxicating beverage to underage person—"Knowingly" means "know or have reason to know"—R.C. 4301.69 and 4399.18(A)(3) read in pari materia.*

(No. 00-1422—Submitted April 25, 2001—Decided October 24, 2001.)

APPEAL from the Court of Appeals for Montgomery County, No. 18135.

_____

SYLLABUS OF THE COURT

1.  R.C. 4399.18(A)(3) imposes liability upon a liquor permit holder for the negligent actions of an intoxicated person occurring off premises if it can be shown by a preponderance of the evidence that the permit holder (or an employee) *knowingly sold an intoxicating beverage to an underage person,* an act that would constitute a violation of the criminal prohibition in R.C. 4301.69.

2.  When read *in pari materia* with R.C. 4301.69, the word "knowingly" as applied in R.C. 4399.18(A)(3), the sale of an intoxicating beverage to an underage person, encompasses the standard "know or have reason to know." (*Gressman v. McClain* [1988], 40 Ohio St.3d 359, 533 N.E.2d 732, distinguished.)

_____

**LUNDBERG STRATTON, J.**

{¶ 1} We are asked to construe the standard of liability required under R.C. 4399.18(A)(3), Ohio's Dram Shop Act. The statute codifies the longstanding rule limiting the liability of a liquor permit holder for injuries caused by an intoxicated person except under certain limited circumstances. The central dispute before this court is whether the statute requires that the liquor permit holder have actual knowledge of the underage status of the purchaser before liability may be imposed for injuries to a third person.

**Factual Background**

{¶ 2} Appellee Donald W. Lesnau, Administrator of the Estate of Janice Anne Lesnau, filed this wrongful death action against defendants-appellants Andate Enterprises, Inc., d.b.a. Superior Drive-Thru, and its individual owners ("Andate"). The complaint alleged that agents of appellant Andate sold beer to Eric Amerson, age eighteen, on May 6, 1996, and that Amerson consumed it and later caused a motor vehicle accident that took the life of decedent, Janice Anne Lesnau. Amerson allegedly told the Superior Drive-Thru employee that he was twenty-one years old, but he did not produce identification. The complaint alleged that Andate violated R.C. 4301.69(A) and 4301.22(A), both of which prohibit, *inter alia*, the sale of beer or intoxicating liquor to anyone under the age of twenty-one. Andate, however, denied that it sold the beer to Amerson.

{¶ 3} The trial court awarded summary judgment to the defendants on the basis that the plaintiff failed to sufficiently plead a cause of action under R.C. 4399.18. The court concluded that Lesnau failed to plead or prove that the liquor permit holder knowingly sold the alcohol to an underage person.

{¶ 4} The court of appeals did not agree with the standard applied by the trial court. The appellate court construed the word "knowingly" in the statute to modify only the phrase "sold an intoxicating beverage." The court held that the statute did not require an element of knowledge as to the underage status of the

purchaser because R.C. 4301.69 (prohibiting the sale of intoxicating beverages to anyone under age twenty-one) was a strict liability statute. The court of appeals reversed on this issue and remanded the cause to the trial court for further proceedings.

{¶ 5} This cause is presently before the court upon the allowance of a discretionary appeal.

### Common-Law Liability of Liquor Permit Holders

{¶ 6} Historically, common law in Ohio prohibited a cause of action against a liquor permit holder for injury caused by an intoxicated person. See *Mason v. Roberts* (1973), 33 Ohio St.2d 29, 33, 62 O.O.2d 346, 348, 294 N.E.2d 884, 887. The General Assembly subsequently codified this general, common-law rule in 1986. See 141 Ohio Laws, Part III, 5711. In accordance with preexisting public policy considerations, the statute provided for limited exceptions under certain circumstances. *Klever v. Canton Sachsenheim, Inc*. (1999), 86 Ohio St.3d 419, 421, 715 N.E.2d 536, 538. The Dram Shop Act intended to continue the longstanding rule of limiting the liability of liquor permit holders, not expanding their liability. Any exception to the general rule was explicit and narrow. *Id.*

{¶ 7} For causes of action against liquor permit holders that arose prior to the enactment of R.C. 4399.18, this court has imposed an "actual knowledge" standard for liability to attach. *Flandermeyer v. Cooper* (1912), 85 Ohio St. 327, 98 N.E. 102; *Mason*, 33 Ohio St.2d at 33, 62 O.O.2d at 348, 294 N.E.2d at 887; *Settlemyer v. Wilmington Veterans Post No. 49* (1984), 11 Ohio St.3d 123, 11 OBR 421, 464 N.E.2d 521. In *Settlemyer*, the court contrasted the liability of a commercial proprietor to that of a social host. The court held that a social host is not held to the same duty of care as a commercial proprietor who is in the business of selling and serving alcoholic beverages and, therefore, motivated by a proprietary interest and profit motive. The court reasoned that a commercial

3

proprietor is expected to exercise more supervision than the social host and is better able to do so. *Id.,* 11 Ohio St.3d at 127, 11 OBR at 424-425, 464 N.E.2d at 524.

{¶ 8} In *Gressman v. McClain* (1988), 40 Ohio St.3d 359, 533 N.E.2d 732, the court applied an actual-knowledge standard of conduct to a liquor permit holder who allegedly violated R.C. 4301.22(B) by selling liquor to an intoxicated patron who subsequently left the premises and caused an accident that resulted in injuries and death to a third person. In *Gressman*, the patron who caused the accident had had some drinks at a golf course snack bar. The plaintiff asked this court to apply a lesser standard of liability, one requiring that the golf course employees *knew or should have known* that the patron was intoxicated. *Id*., 40 Ohio St.3d at 362, 533 N.E.2d at 736. However, we rejected the lesser standard, holding that *actual knowledge* was required. The court reasoned that a liquor permit holder has a statutory duty under R.C. 4301.22(B) to observe and know when a patron is intoxicated. The court reasoned that the commercial proprietor, in the business of selling intoxicating beverages, is in a position to know and recognize when its customers are intoxicated. *Id*. at 363, 533 N.E.2d at 736. However, because the state of intoxication is a subjective determination, the court required actual knowledge of a patron's intoxication in order to impose liability on the commercial proprietor. The *Gressman* court found that the enactment of R.C. 4399.18 in 1986 codified the previous holdings of the court; the court found no persuasive reason to alter that codification of public policy. *Id.*

{¶ 9} Thus, the *Gressman* court held that a liquor permit holder may be liable to a third party for violating R.C. 4301.22(B); however, in order to recover in an action based upon R.C. 4301.22, the applicable standard of conduct is *actual knowledge*. "[A] plaintiff must prove that the liquor permit holder * * * knowingly sold an intoxicating beverage to a noticeably intoxicated person whose intoxication proximately caused the damages sought." *Gressman* at paragraph two of the syllabus.

4

**{¶ 10}** *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, also involved violation of a statutory duty when a social host furnished beer to an underage person, a violation of R.C. 4301.69. In *Mitseff*, a twenty-three-year-old adult had a party and served liquor to a guest who the adult *knew* was underage. The guest later left the party and caused an accident that took the life of another person. The *Mitseff* court held that the social host may be civilly liable to third persons because the adult violated a statute, R.C. 4301.69. However, because the social host knew that the guest was underage, knowledge of age was not an issue and the *Mitseff* court did not discuss the extent of the social host's duty to determine a guest's age before supplying alcoholic beverages. The *Mitseff* court, thus, remanded the cause to the trial court to determine whether the underage guest was actually intoxicated in order to establish proximate cause.

## Civil Liability Under R.C. 4399.18

**{¶ 11}** R.C. 4399.18, in effect when this cause of action arose, provided:

"[N]o person, and no executor or administrator of the person, who suffers personal injury, death, or property damage as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder or his employee who sold beer or intoxicating liquor to the intoxicated person unless the injury, death, or property damage occurred on the permit holder's premises or in a parking lot under his control and was proximately caused by the negligence of the permit holder or his employees. A person has a cause of action against a permit holder or his employee for personal injury, death, or property damage caused by the negligent actions of an intoxicated person occurring off the premises or away from a parking lot under the permit holder's control only when both of the following can be shown by a preponderance of the evidence:

"(A) The permit holder or his employee knowingly sold an intoxicating beverage to at least one of the following:

"* * *

"(3) A person in violation of section 4301.69 of the Revised Code [prohibiting the sale of beer or intoxicating liquor to any person under age twenty-one];

"(B) The person's intoxication proximately caused the personal injury, death, or property damage."[1]

{¶ 12} Here, Lesnau alleges that Amerson was underage, yet he was able to purchase liquor from the defendants' establishment. According to Amerson, he misrepresented his age to the defendants' employee and was not asked for proof. However, Andate claims that Amerson did not make any liquor purchase at its establishment.

{¶ 13} Andate contends that the appellate court improperly applied a strict liability standard adopted from R.C. 4301.69, a criminal statute that prohibits the sale of intoxicating liquor to an underage person. Relying on *Gressman*, Andate argues that R.C. 4399.18(A)(3) requires an element of actual knowledge, that the permit holder "knowingly sold" to an underage purchaser for liability to attach.

{¶ 14} Lesnau argues that if a purchaser is underage and the permit holder or its employee makes no effort to determine the age of the purchaser, there is a violation of R.C. 4301.69 (prohibiting the sale of alcoholic beverages to anyone under age twenty-one). Therefore, Lesnau contends that R.C. 4399.18(A)(3) imposes a duty upon the liquor permit holder to make reasonable efforts to determine the age of its patrons. Failure to do so may result in the imposition of liability under R.C. 4399.18(A)(3) for the actions of intoxicated patrons who injure third persons.

---

1. In 1997, R.C. 4399.18 was amended as part of Am.Sub.H.B. No. 350, which this court subsequently declared unconstitutional *in toto* in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062. Hence, our opinion addresses the version of R.C. 4399.18 in effect prior to *Sheward*, *i.e.*, the version as originally enacted. See 141 Ohio Laws, Part III, 5711, effective July 21, 1986.

{¶ 15} Thus, we must construe the standard of knowledge intended in the limited exception to nonliability in R.C. 4399.18(A)(3), *i.e.*, when a permit holder or its employee knowingly sells an intoxicating beverage to a person in violation of R.C. 4301.69. When called upon to construe a statute, we rely upon well-established rules of statutory construction to determine the legislative intent. *State ex rel. Francis v. Sours* (1944), 143 Ohio St. 120, 124, 28 O.O. 53, 55, 53 N.E.2d 1021, 1023. To do so, we first look to the language of the statute and its purpose. *Christe v. GMS Mgt. Co., Inc.* (2000), 88 Ohio St.3d 376, 377, 726 N.E.2d 497, 498. We must give effect to the words used in the statute, not delete any words or insert words not used. *State v. Jordan* (2000), 89 Ohio St.3d 488, 492, 733 N.E.2d 601, 605. In addition, R.C. 1.49 sets forth factors for statutory construction that include the object sought to be attained, the circumstances under which the statute was enacted, the common law, and the consequences of a particular construction. Finally, because this is a statutory exception that creates a cause of action, it must be narrowly construed. *Klever v. Canton Sachsenheim, Inc.*, 86 Ohio St.3d at 421, 715 N.E.2d at 538.

{¶ 16} The use of the word "knowingly" in R.C. 4399.18(A) indicates that the General Assembly intended for the presence of an element of knowledge. The word is not defined in the statute. However, if strict liability were intended, there would be no need for the word "knowingly" in the statute. The presence of the element of knowledge was placed in the statute, and we must give meaning to it. A contrary interpretation of R.C. 4399.18(A)(3) would, in essence, render the word meaningless. Furthermore, had the General Assembly intended for the element of knowledge to apply only to the act of selling, and for strict liability to apply to a violation of R.C. 4301.69, the General Assembly could have written the statute using the conjunction "and" to connect the requirement of a knowing sale and a violation of R.C. 4301.69. We must construe the language of the statute as written

and not insert words not used. *State ex rel. Purdy v. Clermont Cty. Bd. of Elections* (1997), 77 Ohio St.3d 338, 340, 673 N.E.2d 1351, 1353.

{¶ 17} To read the word "knowingly" to describe only the sale of beer or intoxicating liquor is an absurd interpretation that defies common sense. Of course a commercial liquor establishment knows that it is selling liquor. It does not accidentally do so. Therefore, it is apparent that the General Assembly did not intend the word "knowingly" to describe only the sale of liquor. Consequently, we find that the word "knowingly" in R.C. 4399.18(A) describes the object of the sale: (1) a noticeably intoxicated person, (2) a person described in R.C. 4301.22(C) as an "habitual drunk," or (3) an underage person.

{¶ 18} With respect to the sale of liquor to a "noticeably intoxicated" person in R.C. 4399.18(A)(1), this court has applied an actual-knowledge standard. *Gressman*. Andate argues that the same standard should apply here. For the reasons that follow, we do not agree. *Gressman* analyzed a cause of action under R.C. 4301.22(B) and the permit holder's sale of intoxicating beverages to an intoxicated person. Although the *Gressman* court indicated that the newly enacted R.C. 4399.18 likewise incorporated an actual-knowledge standard, the court was addressing R.C. 4399.18(A)(1), *i.e.*, when the permit holder knowingly sells an intoxicating beverage to a *noticeably intoxicated* person in violation of R.C. 4301.22(B).

{¶ 19} The circumstances surrounding the sale of liquor to one who is noticeably intoxicated differ from those where the permit holder or its employee sells to an underage person. A determination of whether a person is intoxicated requires the use of judgment and subjectivity. As the *Gressman* court noted, this involves a number of factors that may be derived from various sources, such as the employee's experience, or his or her knowledge of and/or familiarity with the patron's habits and capacities. However, whether a patron is of legal age to purchase beer or alcohol is an easily verifiable fact that may be determined in many

instances from a driver's license or photo identification card. In addition, we note that R.C. 4399.18(A)(1) includes the additional requirement that the sale be made to a "noticeably" intoxicated person, whereas subsection (A)(3) merely requires that the sale be in violation of R.C. 4301.69. Consequently, we find that the actual-knowledge standard in *Gressman* is distinguishable.

{¶ 20} The particular subsection at issue here, R.C. 4399.18(A)(3), refers to R.C. 4301.69, a statute that identifies various criminal offenses involving underage persons and intoxicating beverages. A violation of R.C. 4301.69 may result in administrative and criminal penalties. R.C. 4301.99. Contrary to the appellate court's analysis, the criminal standard of liability in R.C. 4301.69 does not automatically transfer to R.C. 4399.18(A)(3), a statute that sets out the standard for civil liability.

{¶ 21} However, since R.C. 4301.69 is referenced in the particular subsection at issue, we look to it for guidance on the interpretation of the word "knowingly" as it is applied in R.C. 4399.18(A)(3). Although R.C. 4301.69(A) imposes strict liability for a criminal violation of that section, the remainder of the statute requires a *mens rea* of "knowledge."[2] In subsections (B), (C), (D), (E), and (F) of R.C. 4301.69, which also involve an underage person possessing or consuming beer or intoxicating liquor, the words "knowingly" and "knows or has reason to know" are used interchangeably. Therefore, reading R.C. 4399.18(A)(3) *in pari materia* with R.C. 4301.69, we believe that, as to the sale of beer or intoxicating beverages to an underage person in violation of R.C. 4301.69, the General Assembly intended the word "knowingly" to encompass the concept of "has reason to know," as those terms are used interchangeably in R.C. 4301.69.

---

2. We note that a liquor permit holder may avoid liability under R.C. 4301.69 if, at the time of the sale, (a) the purchaser presented some form of identification to the permit holder or its employee that showed that the purchaser was of legal age to make the purchase, (b) a bona fide effort was made to match the identification to the presenter, and (c) the person making the sale had reason to believe that the purchaser was of legal age to make the purchase. R.C. 4301.639(A).

This interpretation supports the public policy behind R.C. 4301.69 and 4399.18: to refrain from selling to, buying for, or otherwise furnishing beer or intoxicating beverages to an underage person. A liquor permit holder may not avoid liability under R.C. 4399.18(A)(3) simply by failing to ask a patron for identification or proof of legal age or failing to establish other safeguards to avoid selling alcoholic beverages to underage persons.

{¶ 22} Consequently, we hold that R.C. 4399.18(A)(3) imposes liability upon a liquor permit holder for the negligent actions of an intoxicated person occurring off premises if it can be shown by a preponderance of the evidence that the permit holder (or an employee) *knowingly sold an intoxicating beverage to an underage person,* an act that would constitute a violation of the criminal prohibition in R.C. 4301.69. When read *in pari materia* with R.C. 4301.69, the word "knowingly" as applied in R.C. 4399.18(A)(3), the sale of an intoxicating beverage to an underage person, encompasses the standard "know or have reason to know." In addition, the intoxication must have proximately caused the damages sought.

{¶ 23} Regarding the sufficiency of the plaintiff's complaint herein, the plaintiff alleged that Andate acting through agents sold intoxicating beverages to a person under the age of twenty-one in violation of R.C. 4301.69(A) and 4301.22(A), both of which prohibit the sale of beer or intoxicating liquor to an underage person. In accordance with Civ.R. 8(A), the plaintiff's third amended complaint sufficiently stated a cause of action under R.C. 4399.18(A)(3). Consequently, we affirm that portion of the judgment of the court of appeals that reversed the granting of summary judgment to the defendants, albeit for different reasons, and remand the case for further proceedings consistent with this opinion.

*Judgment accordingly.*

MOYER, C.J., F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in paragraph two of the syllabus and in the judgment.

RESNICK and COOK, JJ., concur in judgment.

————————————

*Terry L. Lewis,* for appellee.

*Squire, Sanders & Dempsey, L.L.P., David J. Young* and *Greg R. Wehrer;* and *Stephen M. Pfarrer,* for appellants.

————————————