OPINION
Appellant Sean Ring appeals the decision of the Tuscarawas County Court of Common Pleas, which granted a judgment of $50,000 in favor of Appellee Anthony Fultz and denied a request for set-off. The relevant facts leading to this appeal are as follows.
Appellant Sean Ring attended Walsh University in North Canton, Ohio, during the 1997-1998 academic year. In December 1997, appellee, then a minor, began dating Tiffany Ring, the sister of Appellant Sean Ring. On February 14, 1998, Tiffany called Appellant Ring's apartment, and told Ring's roommate, Chris Ulrich, that she had been raped by appellee. Appellant and Ulrich thereupon drove to appellee's home residence in Tuscarawas County to confront appellee. The resulting encounter ended with appellant punching appellee, who is a hemophiliac. Appellee denied the rape allegations.
Appellee and his mother, Mary Moore, the owner of the residence, thereafter filed an action for personal injury, civil assault and trespass against Ulrich, appellant, appellant's brother, and appellant's parents. Appellee therein alleged that the aforesaid five defendants conspired to forcibly enter appellee's home for the purpose of assaulting him. Appellee sought compensatory damages of $500,000 and punitive damages of $500,000. In January 2000, appellee settled his claims against appellant's brother and appellant's parents for $5,500. On April 13, 2000, just prior to a scheduled mediation, appellee and Moore dismissed the first action.
On June 27, 2000, appellee and Moore filed a second action against appellant and Ulrich, stating the same or similar claims as in the first action. During mediation on January 9, 2001, it was determined that appellee planned to settle with Ulrich for $15,000.
At trial, the court permitted the jury to hear about the settlements previously reached with Ulrich, appellant's brother, and appellant's parents. The court nonetheless rejected appellant's request to instruct the jury "that a plaintiff may only receive full compensation once for the same injury." See OJI 23.57. The jury thereafter returned a verdict of $50,000. On April 6, 2001, appellant filed a written motion for set-off of the $20,500 amount of prior settlement monies ($5,500 plus $15,000). By a judgment entry dated April 30, 2001, the trial court denied the request for set-off, and entered judgment against appellant for $50,000.
Appellant timely appealed and herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT ERRED IN FAILING TO OFFSET PLAINTIFF'S JUDGMENT BY $20,500, THE AMOUNT HE RECEIVED IN CONSIDERATION FOR RELEASING CO-DEFENDANTS FROM THE SAME CLAIM.
 I
In his sole Assignment of Error, appellant argues the trial court erred in denying set-off against the judgment by reason of the $20,500 in settlement proceeds designated to be paid by the remaining defendants. We disagree.
In Fidelholtz v. Peller (1998), 81 Ohio St.3d 197, syllabus, the Ohio Supreme Court held:
 Former R.C. 2307.32(F) (now R.C. 2307.33[F]) entitles a defendant to set off from a judgment funds received by a plaintiff pursuant to a settlement agreement with a co-defendant where there is a determination that the settling co-defendant is a person "liable in tort." A person is "liable in tort" when he or she acted tortiously and thereby caused damages. * * *.
As indicated, the Ohio Supreme Court in Fidelholtz addressed R.C.2307.32(F), which provides:
 When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or loss to person * * * the following apply: (1) The release or covenant does not discharge any of the other tortfeasors from liability for the injury or loss * * * unless its terms otherwise provide, but it reduces the claim against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; (2) The release or covenant discharges the tortfeasor to whom it was given from all liability for contribution to any other tortfeasor.
As a preliminary matter, we note R.C. 2307.32(F) was amended and renumbered R.C. 2307.33(F) by Am.Sub.H.B. 350, effective January 27, 1997. However, the Ohio Supreme Court found Am.Sub.H.B. 350 unconstitutional in toto in State ex rel. Ohio Academy of Trial Lawyersv. Sheward (1999), 86 Ohio St.3d 451, which was announced afterFidelholtz. A decision by the Ohio Supreme Court declaring a statute unconstitutional is generally given retrospective application. Wendellv. AmeriTrust Co., N.A. (1994), 69 Ohio St.3d 74, 77. We will therefore refer herein to R.C. 2307.32(F) in its earlier form. See Smith v. Ruben
(Aug. 16, 2001), Franklin App. No. 00AP-1320, unreported. Cf. Lesnau v.Andate Enterprises, Inc. (2001), 93 Ohio St.3d 467, 470, fn1.
In reply to appellee's reliance on Fidelholtz, appellant asserts that because both complaints allege all five defendants acted jointly, appellee is estopped from now claiming that the four settling defendants are not "liable in tort." Appellant's Reply Brief at 1. He similarly contends that Fidelholtz is inapplicable where co-defendants are allied, as the concern that a set-off would "subsidize tortious conduct" is inapplicable. Id.
We are unpersuaded by appellant's arguments. Our reading ofFidelholtz provides no suggestion that the rationale therein should not apply to defendants allegedly acting in concert. Notably, the Supreme Court in Fidelholtz opined: "A person is `liable in tort' when he or she acted tortiously and thereby caused harm. The determination may be a jury finding, a judicial adjudication, stipulations of the parties, or the release language itself." Id. at 203. In the case sub judice, no such "liable in tort" determination is evident regarding the four settling defendants. The "Notice of Partial Withdrawal of Claims" filed on March 22, 2001, merely states that "[t]he claims against Christopher L. Ulrich by both Plaintiffs have been resolved by out of Court Settlement and have been dismissed." The trial court file also contains a copy of the January 9, 2001 mediation agreement, signed by appellee and Ulrich, dismissing Ulrich from the action and reciting the $15,000 settlement. However, the agreement clearly states that it "shall not be construed as an admission of liability." In regard to the three defendants in the first dismissed action, the record before us reveals no judicial determination, release language, or stipulations as to liability. Hence, we are unable to conclude that the "liable in tort" requirement ofFidelholtz has been demonstrated by appellant.
The trial court did not err in denying set-off against the judgment. Appellant's sole Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
JUDGMENT: Affirmed.
By: Wise, J., Hoffman, P. J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Costs to appellant.